**In re STORAGE TECHNOLOGY CORPORATION SECURITIES LITIGATION.**

Civ. A. No. 92–B–750.

United States District Court, D. Colorado.

Oct. 23, 1992.

Robert J. Dyer, III, Dyer, Donnelly & Lilley, Denver, Colo., for plaintiff.

Jeffrey B. Rudman, Julie A. Frohlich, John F. Batter, III, Hale and Dorr, Boston, Mass., Richard Bland, Deputy Gen. Counsel, Louisville, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

I.  Background

Numerous purchasers of Storage Technology Corporation (Storage Technology) securities filed 1934 Securities Exchange Act actions against Storage Technology and its principal directors and officers for securities fraud (collectively the securities action). In connection with these actions one of Storage Technology's shareholders, Sally Felzen (Felzen), filed a derivative lawsuit against Storage Technology's directors and some of its top officers for breach of fiduciary duty (the derivative action). I have consolidated these actions and pursuant to the parties' stipulation and Fed. R.Civ.P. 23 certified a class, subclass, and class period. The class consists of all persons who purchased Storage Technology common stock, call options on Storage Technology common stock, or sold put options on Storage Technology common stock during the class period (December 23, 1991 through and including May 8, 1992). Defendants, Storage Technology's officers and directors, individual defendants' immediate family members, any entity in which any defendant has a controlling interest, and these parties' legal representatives, heirs, successors, and assigns are excluded from the class. The subclass consists of all persons who purchased Storage Technology common stock contemporaneously with sales of Storage Technology common stock by defendants Ryal R. Poppa, Lowell Thomas Gooch, Derek A. Thompson, Gregory A. Tymn, Fred G. Moore, Carl R. Vertuca, Jr., W. Russell Wayman, and Stephen J. Keane during the class period. Defendants, Storage Technology's officers and directors, individual defendants' immediate family members, any entity in which any defendant has a controlling interest, and these parties' legal representatives, heirs, successors, and assigns are excluded from the subclass.

The securities action defendants move to dismiss plaintiffs' claim filed under section 10(b) of the 1934 Securities Exchange Act (15 U.S.C. § 78j(b) (1934)) and Rule 10b–5 promulgated thereunder (collectively section 10(b)) and state law fraud claim arguing that these claims are not pled with particularity. Defendants also move to dismiss plaintiffs' claim under section 20A of the 1934 Securities Exchange Act (15 U.S.C. § 78t–1 (1988)) (section 20A) con-

tending that plaintiffs' failure to plead their section 10(b) claim with particularity also renders defective their section 20A claim. Defendants further argue that plaintiffs' section 10(b) claim must be dismissed because it cannot be pled in the alternative with a section 20A claim. Finally, defendants urge me to decline supplemental jurisdiction over plaintiffs' state law fraud and negligent misrepresentation claims.

The derivative action defendants move to dismiss that complaint on the ground that Felzen failed to request that Storage Technology's board of directors institute an action against its directors and officers for breach of fiduciary duty. Both motions to dismiss have been briefed fully and argued orally. I agree with defendants' argument that plaintiffs fail to plead fraud with sufficient particularity as to all defendants in the security action except as to defendants Storage Technology, Ryal R. Poppa (Poppa), and Gregory A. Tymn (Tymn). However, leave will be granted to file an amended complaint. The motion to dismiss and defendants' request for a stay in the derivative action are denied.

## II. Facts

Storage Technology developed an advanced data storage and retrieval computer code-named the Iceberg. During late 1991 and early 1992 Storage Technology promoted Iceberg. Storage Technology represented that Iceberg would go to production during the second quarter of 1992 and that investors could expect Storage Technology to earn significant profits in 1992 because of Iceberg's anticipated success. Storage Technology also represented that Iceberg had a two to three year technological advantage over the competition. As expectations surrounding Iceberg soared, so did Storage Technology's stock prices.

In late April and early May, 1992 Storage Technology announced problems with Iceberg's development. Storage Technology revealed that it expected no earnings from Iceberg in 1992 because of its production problems. Storage Technology's stock prices plunged.

The securities action plaintiffs purchased Storage Technology securities while the price was increasing during the class period. At the same time certain top Storage Technology officers and three of its eleven directors sold some of their Storage Technology securities. Plaintiffs allege that these officers and directors knew in November and December of 1991 that Iceberg would not go to production in 1992 and Storage Technology would earn nothing from it in 1992. Plaintiffs allege that Storage Technology falsely touted the development competitive advantages, and profit prospects of Iceberg to inflate the price of Storage Technology securities. Plaintiffs claim that because of defendants' misleading statements about Iceberg, and their concealment of the true adverse information about it, they were fraudulently induced to purchase Storage Technology securities at artificially inflated prices. Plaintiffs also claim defendants used insider information to reap huge profits on the sale of their Storage Technology securities. Based on these allegations, the securities action plaintiffs assert section 10(b), section 20(a) (15 U.S.C. § 78t(a) (1964)) (controlling person liability), fraud, and negligent misrepresentation claims against the defendants. Also, the securities action plaintiffs who purchased Storage Technology securities contemporaneously with the Storage Technology officials who sold their securities while in possession of material, nonpublic information assert section 20A claims against these Storage Technology officials.

In the derivative action, Felzen alleges breach of fiduciary duty claims against Storage Technology's directors and some of its top officers alleging that as a result of Storage Technology's false statements about Iceberg and the insider trading, Storage Technology is exposed to significant liability and will incur enormous costs in defending the securities action. Felzen claims the directors are liable for breach of fiduciary duty for participating in the securities fraud and insider trading. She also alleges that the directors are liable even if they did not participate in the securities fraud because they allowed it to occur.

### III. Securities Action

#### A. *Pleading Fraud with Particularity*

■ Defendants contend that plaintiffs failed to plead their section 10(b) and common law fraud claims with sufficient particularity. I agree as to their allegations against all but defendants Storage Technology, Poppa, and Tymn. Plaintiffs, however, shall be granted leave to amend their complaint.

■ The circumstances constituting fraud must be averred with particularity. Fed.R.Civ.P. 9(b). Rule 9(b)'s particularity requirement applies to a section 10(b) case. *Seattle–First National Bank v. Carlstedt*, 800 F.2d 1008, 1010 (10th Cir.1986). To satisfy the particularity requirement of Rule 9(b) a plaintiff "should identify particular defendants with whom they dealt directly, and from whom they purchased stock ... designate the occasions on which affirmative statements were allegedly made to them—and by whom and ... designate what affirmative misstatements or half-truths were directed to them—and how". *Carlstedt*, 800 F.2d at 1011. The Tenth Circuit recently reiterated these standards when quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir.1990) with approval. *See Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir.1992). In *Sears* the Seventh Circuit upheld the dismissal of a section 10(b) claim where the complaint failed to state "in any detail *what* misrepresentations were made by the defendant, to *whom* these misrepresentations were made, or *how* these misrepresentations furthered the alleged fraudulent scheme". *Farlow*, 956 F.2d at 986 (quoting *Sears*, 912 F.2d at 893) (emphasis in original). To plead a securities fraud claim with particularity, therefore, *Farlow* and *Carlstedt* require a plaintiff to connect a defendant with specific misrepresentations. *See Carlstedt*, 800 F.2d at 1010; *Farlow*, 956 F.2d at 986.

■ Plaintiffs plead with particularity the alleged misrepresentations made by defendants Storage Technology, Poppa, and Tymn. (*See* consolidated amended complaint (securities complaint) ¶¶ 39, 40, 46, 55, 59–62, 66, 67, 75, and 82.) Except for these three defendants, the complaint alleges nothing connecting the remaining eleven defendants with the alleged misrepresentations. Defendant Lowell Thomas Gooch (Gooch) allegedly stated that Storage Technology is proud of Iceberg and opined that it would be another blowout winner. (*See* securities complaint ¶ 71.) This opinion constitutes mere puffing. As a matter of law it does not rise to the level of an actionable misrepresentation because no reasonable person would have been mislead by it.

As for all defendants but Storage Technology, Poppa, and Tymn, plaintiffs allege that defendants generally issued misleading press releases, quarterly reports, and an untrue annual report. (*See* securities complaint ¶¶ 35, 37, 39, 46, 50, 57, 63, 69, 72, and 75.) These general averments fail to identify which defendant made what misrepresentation. Accordingly, plaintiffs have failed to plead their section 10(b) and common law fraud claims with particularity against all but Storage Technology, Poppa, and Tymn. *See Carlstedt*, 800 F.2d at 1010; *Farlow*, 956 F.2d at 986.

■ Plaintiffs urge me to employ the "group pleading approach" to evaluate the particularity of their fraud allegations. Under the group pleading approach in a corporate fraud case, a plaintiff need not plead with particularity which corporate officers or directors conveyed a misrepresentation where the alleged misrepresentation is contained in prospectuses, registration statements, annual reports, press releases, or other group published information. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1441 (9th Cir.1987); *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988). In such a case, a plaintiff need not identify the individual defendants who made the misrepresentation because it is presumed that such publications are the collective efforts of officers and directors. *Wool*, 818 F.2d at 1441; *Blake*, 856 F.2d at 1369. Where possible, however, a plaintiff should allege the role an officer or director played in issuing the misrepresentation.

*Wool,* 818 F.2d at 1440; *Blake,* 856 F.2d at 1369.

The parties have not cited and I find no Tenth Circuit authority supporting adoption of the group pleading rule in this circuit. The group pleading approach is an exception to the clear language of Rule 9(b) which requires that a plaintiff plead the circumstances constituting fraud with particularity. This Ninth Circuit rule is also contrary to established Tenth Circuit law requiring a plaintiff alleging a securities fraud claim to identify which defendant made what misrepresentations. *Carlstedt,* 800 F.2d at 1010; *Farlow,* 956 F.2d at 986. Because the group pleading approach is contrary to the plain terms of Rule 9(b) and the law of this circuit, I decline to employ it in this case. However, because justice so requires and discovery is just beginning, plaintiffs may submit an amended complaint within twenty days of the date of this order which specifically identifies which of the other eleven defendants made what misrepresentations.

### B. *Alleging Intent and Other Conditions of Mind Generally*

■ Defendants assert the complaint fails to state facts which support a reasonable inference that defendants intentionally, knowingly, or recklessly misled the public. Intent, knowledge, and other conditions of mind of a person may be averred generally. Fed.R.Civ.P. 9(b). In the Tenth Circuit, general averments of intent or other conditions of mind, unaccompanied by supporting facts, are adequate under Rule 9(b). *Phelps v. Wichita Eagle-Beacon,* 886 F.2d 1262, 1270 n. 5 (10th Cir.1989).

Plaintiffs allege defendants acted with scienter when they publicly represented that Iceberg would earn profits for Storage Technology in 1992, although they knew the contrary was true. (*See* securities complaint ¶ 96.) Plaintiffs also allege defendants knew in November and December, 1991 that Iceberg would not be available for sale during 1992, yet they represented otherwise to the public to inflate Storage Technology securities prices. (*See* securities complaint ¶¶ 37, 48, and 49.) Plain-

tiffs' allegations are sufficient to support an inference that defendants intentionally made misrepresentations. Plaintiffs, therefore, have alleged defendants' scienter properly under Rule 9(b).

### C. *Cautious Nature of the Alleged Misrepresentations*

■ Defendants next argue that the alleged misrepresentations are too cautious to support securities and common law fraud claims. According to plaintiffs' well-pled allegations, which I must accept as true, *Hospice of Metro Denver v. Group Health Insurance,* 944 F.2d 752, 753 (10th Cir.1991), the unmistakable message conveyed by defendants' pre-April 20, 1992 public statements was that Iceberg would be in production by 1992, Storage Technology would enjoy a competitive advantage because it would be the first to reach the market with this new product, and Storage Technology would earn large profits in 1992 as a result of Iceberg. Although some of the comments were tempered with caution I cannot say as a matter of law at this juncture that they are too cautious to be actionable. "Not every mixture with the true will neutralize the deceptive." *Virginia Bankshares v. Sandberg,* —— U.S. ——, ——, 111 S.Ct. 2749, 2760, 115 L.Ed.2d 929, 948 (1991). A trier of fact must ultimately determine whether these statements are sufficient to establish liability under section 10(b) and the common law. Having reviewed plaintiffs' complaint, I cannot say that plaintiffs can prove no set of facts supporting its securities and common law fraud claims.

### D. *Alleged Misrepresentations Made by Third Parties*

Defendants further argue that the misrepresentations are not actionable because they were made by third parties in various newspapers and industry publications. These publications quote Storage Technology, Poppa, and Tymn as stating what plaintiffs contend are misrepresentations. (*See* securities complaint ¶¶ 39, 40, 46, 47, 50, 55, 56, 57, 61, 62, 66, 68, 74, 77, 80, and 82.) Plaintiffs' allegations indicate that some of

the statements in these publications are verbatim quotes from these three defendants. At this early stage of the case I cannot say that these publications misquoted the identified defendants. Plaintiffs' allegations, therefore, adequately connect Storage Technology, Poppa, and Tymn with the alleged misrepresentations contained in third party publications.

### E. *Alleging Section 10(b) and 20A Claims in the Alternative*

■ Defendants move to dismiss the section 10(b) claims of those plaintiffs who also assert a section 20A claim. Only those plaintiffs, and the sub-class they represent, (collectively section 20A plaintiffs) who purchased Storage Technology common stock contemporaneously with the alleged insider traders assert a section 20A claim against the Storage Technology officials (Poppa, Tymn, Gooch, Derek A. Thompson, Fred G. Moore, Carl R. Vertuca, W. Russell Wayman, and Stephen J. Keane) (collectively section 20A defendants) who allegedly sold Storage Technology common stock while in possession of material, non-public information. The section 20A plaintiffs also plead a section 10(b) claim against these same defendants. The section 20A defendants argue that section 10(b) and 20A claims cannot be pled in the alternative because to do so would expose them to unfair double liability. I disagree.

Claims may be pled in the alternative. Fed.R.Civ.P. 8(a). The mere fortuity of stock purchase on the date when the section 20A defendants sold their stock does not limit the section 20A plaintiffs only to a section 20A claim. At the conclusion of this case the section 20A plaintiffs either will succeed or fail on their section 10(b) claim. If they succeed on this claim they will recover their actual damages, which "is the difference between the fair value of all that plaintiff received and the fair value of what he would have received had there been no fraudulent conduct." *Feldman v. Pioneer Petroleum, Inc.,* 813 F.2d 296, 301–302 (10th Cir.), *cert. denied,* 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987). If the section 20A plaintiffs fail on their 10(b) claim they may nevertheless prevail on their section 20A claim if they can prove that contemporaneously with purchasing their stock, the section 20A defendants violated any provision of the 1934 Securities Exchange Act or rule or regulation promulgated thereunder by selling Storage Technology stock while in possession of material, non-public information. *See* 15 U.S.C. § 78t–1(a). If the section 20A plaintiffs prove a section 10(b) and 20A claim, the damages they recover may not exceed their actual damages. 15 U.S.C. § 78bb(a) (1987). In any event, the section 20A defendants will not be subject to double liability. The section 20A plaintiffs, therefore, may plead section 10(b) and 20A claims in the alternative.

### F. *Section 20A Claim*

■ The section 20A defendants also assert that because the section 20A plaintiffs' section 10(b) claim is not pled with particularity there is no supporting securities law violation for their section 20A claim. These defendants argue, therefore, that plaintiffs' section 20A claim should be dismissed.

■ A defendant is liable under section 20A only where an independent violation of the 1934 Securities Exchange Act or the rules and regulations promulgated thereunder has occurred. 15 U.S.C. § 78t–1(a). Plaintiffs have pled adequately a section 10(b) claim against Poppa and Tymn. Plaintiffs' section 20A claim against these two defendants, therefore, stands. Plaintiffs, however, have not pled with particularity a violation of the 1934 Securities Exchange Act against the other section 20A defendants. Although plaintiffs have alleged a claim under the controlling person statute against all defendants, this claim cannot support a section 20A claim. *See* 15 U.S.C. § 78t–1(b)(3). I have granted plaintiffs leave to file an amended complaint. If plaintiffs plead a 1934 Securities Exchange Act violation against the remaining section 20A defendants, their section 20A claim against them will survive.

### G. *Supplemental Jurisdiction over Plaintiffs' State Law Claims*

Finally, defendants urge me to decline supplemental jurisdiction over plaintiffs' state law fraud and negligent misrepresentation claims. Plaintiffs' state law claims are based on the same facts supporting plaintiffs' federal securities claims. They are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, I have jurisdiction over these claims. 28 U.S.C. § 1367(a) (1990). None of the exceptions listed in 28 U.S.C. § 1367(c) exists here. I, therefore, must exercise jurisdiction over plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c).

### IV. Derivative Action

Defendants move to dismiss the derivative action because Felzen failed to request that Storage Technology's board of directors institute an action for breach of fiduciary duty. Felzen argues that this request is excused as futile because the directors' impartiality and independence are suspect.

Jurisdiction over Felzen's two breach of fiduciary duty claims is based on complete diversity of citizenship. 28 U.S.C. § 1332(a)(1) (1988). Therefore, I apply federal procedural rules, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), but use Delaware law, the law of the state where Storage Technology is incorporated, to determine whether demand on Storage Technology's board of directors is excused as futile. *Kamen v. Kemper Financial Services*, — U.S. —, —, 111 S.Ct. 1711, 1722, 114 L.Ed.2d 152, 172 (1991).

A complaint in a shareholder's derivative action must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort". Fed.R.Civ.P. 23.1. Demand on the board of directors is excused as futile where, taking the well-pled facts as true, the allegations raise a reasonable doubt as to the directors' disinterest or whether the directors exercised proper business judgment in approving the challenged transaction. *Aronson v. Lewis*, 473 A.2d 805, 815 (Del.1984); *Grobow v. Perot*, 539 A.2d 180, 186 (Del.1988). At this juncture I cannot weigh the evidence, but must accept the well-pled allegations of the complaint as true. *Heineman v. Datapoint Corp.*, 611 A.2d 950, 953 (Del.1992). Furthermore, when a plaintiff advances numerous reasons supporting his or her claim that demand would be futile, none of which standing alone is sufficient to excuse demand, I must consider whether the totality of these reasons raises a reasonable doubt as to the directors' disinterest or independence. *Harris v. Carter*, 582 A.2d 222, 229 (Del.Ch.1990).

Particularity under Rule 23.1 requires substantially more than Rule 8(a) notice pleading. *Gaubert v. Federal Home Loan Bank Board*, 863 F.2d 59, 68 (D.C.Cir.1988); *Allison on Behalf of General Motors Corp. v. General Motors Corp.*, 604 F.Supp. 1106, 1114 (D.Del.), *aff'd*, 782 F.2d 1026 (3d Cir.1985). Conclusory allegations that directors participated in, approved of, or acquiesced to the conduct in question, unsupported by specific facts, are insufficient to demonstrate bias or lack of independence. *Gaubert*, 863 F.2d at 68.

Felzen alleges that: (1) Storage Technology's directors would not bring her action if requested to do so because they are motivated to preserve their positions and the benefits they receive from serving on the board, (*see* first amended verified complaint (derivative complaint) ¶ 42(g)); (2) the board of directors' independence is untrustworthy because the board would never sue Poppa, Storage Technology's chairman of the board, chief executive officer, president, and one of the alleged insider traders; (3) Poppa dominates the board, has entangling financial interests with many of the directors, and was instrumental in appointing most of the directors to the board, (*see* derivative complaint ¶¶ 7, 42(d), 42(e), 42(h) and 42(i)); (4) each di-

rector bears personal allegiances to Poppa, rendering them reluctant to sue him; (5) the directors lack independence because they would have to sue themselves in this action, (*see* derivative complaint ¶¶ 7, 42(f), and 42(j)); (6) the board of directors played a role in the insider trading, (*see* derivative complaint ¶¶ 42(a)–(c)); (7) the board planned, proposed, authorized, approved, or ratified the alleged insider trading, (*see* derivative complaint ¶¶ 34, 37, 38, 39, 42(a), and 66(b)); (8) the directors disseminated the misleading statements and participated in a conspiracy to conceal the true, adverse information, (*see* derivative complaint ¶¶ 51, 60, 61, and 62); (9) by concealing the true information and issuing misleading statements defendants caused Storage Technology to violate the securities laws and exposed the corporation to significant liability, (*see* derivative complaint ¶¶ 63, 66(e), and 66(f)); and (10) the board breached numerous managerial duties by allowing Storage Technology's officers to disseminate materially misleading statements and commit insider trading, (*see* derivative complaint ¶¶ 35, 36, 65, 66(c), and 66(d).).

Accepted as true these allegations portray a board of directors which actively participated in misleading the public and participated in the alleged insider trading. These allegations taken as a whole raise a reasonable doubt as to the directors' disinterest and independence. Therefore, the Delaware state substantive requirement of pleading demand futility has been satisfied. I now turn to the federal procedural requirement that a plaintiff plead the reasons excusing demand with particularity. Fed. R.Civ.P. 23.1.

■ Felzen's allegations of the directors' disinterest and lack of independence exceed the Rule 8(a) notice pleading standards. Moreover, the board had a duty to oversee the management of Storage Technology. Felzen lists the supervisory duties the board assumed as Storage Technology's managing body. She alleges the board breached these duties by failing to ensure that correct material information was disclosed publicly. She also specifically alleges that the board neglected its duty

of preventing Storage Technology's officers and directors from misusing material, non-public information. Accepting Felzen's allegations as true, I conclude that she alleges with particularity a claim giving rise to director liability for breach of fiduciary duty and Rule 23.1 reasons why she made no effort to have the board institute her action.

■ Defendants request that I stay the derivative action while Storage Technology's special litigation committee investigates the merits of bringing an action similar to Felzen's lawsuit. Futility is gauged by the circumstances existing when a derivative action is commenced. *Kamen,* — U.S. at ——, 111 S.Ct. at 1720, 114 L.Ed.2d at 169; *Aronson,* 473 A.2d at 810. Storage Technology's post-filing activity does not alter my analysis of the conditions as they existed when Felzen filed her suit. Futility of demand existed when Felzen filed her action. Thus, Felzen properly instituted this derivative suit without demand. Furthermore, discovery in the derivative action should coordinate with discovery in the securities action. I decline the request for stay.

## V. Order

IT IS ORDERED that

(1) in the securities action, plaintiffs' section 10(b) (count one), section 20A (count three), and fraud (count four) claims will be dismissed against all defendants but Storage Technology, Poppa, and Tymn unless plaintiffs file within twenty days of the date of this order a well-pled amended complaint satisfying the particularity requirements of Fed.R.Civ.P. 9(b);

(2) defendants' motion to dismiss in the securities action is denied in all other respects; and

(3) defendants' motion to dismiss the derivative action is denied.