In re STORAGE TECHNOLOGY
CORPORATION SECURITIES
LITIGATION.

Civ. A. No. 92–B–750.

United States District Court,
D. Colorado.

March 24, 1993.

Robert J. Dyer, III, Dyer, Donnelly & Lilley, Denver, CO, Daniel L. Berger, Rochelle Feder Hansen, Bernstein Litowitz Berger & Grossman, New York City, Stanley R. Wolfe, Carole Broderick, Berger & Montague, P.C., Philadelphia, PA, for plaintiffs.

Richard Bland, Deputy Gen. Counsel, Storage Technology Corp. Louisville, CO, for Storage Technology.

Jeffrey B. Rudman, John F. Batter, III, Anthony A. Scibelli, Hale and Dorr, Boston, MA, for individual defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

### I.

Defendants Geoffrey DeBelloy, Lowell Thomas Gooch, Derek A. Thompson, Robert G. Costain, Fred G. Moore, and Carl R. Vertuca (aider and abettor defendants) move to dismiss plaintiffs' claim for aiding and abetting a violation of section 10(b) of the 1934 Securities Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder (collectively section 10(b)) and section 20A claim under the 1934 Securities Exchange Act (15 U.S.C. § 78t–1). All defendants move to dismiss plaintiffs' section 20(a) claim under the 1934 Securities Exchange Act (15 U.S.C. § 78t(a)). Also, all defendants move to strike allegations in plaintiffs' third amended complaint which extend the end of the class period from August 7, 1992 to November 8, 1992.

The motion has been fully briefed and argued. I will deny the motion to dismiss in its entirety. However, I will strike the allegations in plaintiffs' third amend complaint which extend the class period beyond August 7, 1992.

The allegations of fact underlying this action, gleaned from plaintiffs' pleadings, are set forth in my October 23, 1992 memorandum opinion and order. *See In re Storage Technology Corporation Securities Litigation,* 804 F.Supp. 1368 (D.Colo.1992). Stor-

age Technology Corporation (Storage Technology) developed an advanced data storage and retrieval computer code-named the Iceberg. During late 1991 and early 1992 Storage Technology promoted Iceberg. Storage Technology represented that Iceberg would go to production during the second quarter of 1992 and that investors could expect Storage Technology to earn significant profits in 1992 because of Iceberg's anticipated success. Storage Technology also represented that Iceberg had a two to three year technological advantage over the competition. As expectations surrounding Iceberg soared, so did Storage Technology's stock prices.

In late April and early May, 1992 Storage Technology announced problems with Iceberg's development. Storage Technology revealed that it expected no earnings from Iceberg in 1992 because of its production problems. Storage Technology's stock prices plummeted.

Plaintiffs purchased Storage Technology securities while the price was increasing. At the same time certain top Storage Technology officers and three of its eleven directors sold some of their Storage Technology securities. Plaintiffs allege that these officers and directors knew in November and December of 1991 that Iceberg would not go to production in 1992 and that Storage Technology would earn nothing from Iceberg in 1992. Plaintiffs allege that Storage Technology falsely touted the development, competitive advantages, and profit prospects of Iceberg to inflate the price of Storage Technology securities. Plaintiffs claim that because of defendants' misleading statements about Iceberg, and their concealment of the true adverse information about it, they were fraudulently induced to purchase Storage Technology securities at artificially inflated prices. Plaintiffs also claim defendants used insider information to reap huge profits on the sale of their Storage Technology securities.

Plaintiffs are representatives of a class of Storage Technology securities purchasers. The class consists of all persons who purchased Storage Technology securities during the class period (December 23, 1991 through August 7, 1992). Upon stipulation of the parties, I ordered the class period extended through August 7, 1992. Plaintiffs assert various claims under the 1934 Securities Exchange Act and common law against Storage Technology and a number of its officers and directors responsible for the development and marketing of Iceberg.

In my October 23, 1992 memorandum opinion and order I dismissed plaintiffs' section 10(b), section 20A, and fraud claims against all defendants but Storage Technology, Ryal R. Poppa (Poppa) and Gregory A. Tymn (Tymn). *See In re Storage Technology,* 804 F.Supp. 1368. Plaintiffs have now filed a third amended complaint in which they add an aiding and abetting claim against the aider and abettor defendants. Plaintiffs also add a section 20A claim against these same defendants, Poppa, and Tymn. Plaintiffs maintain their section 10(b) and fraud claims against Storage Technology, Poppa, and Tymn only and their negligent misrepresentation claims against all defendants.

## II.

### A.

■ Defendants argue that plaintiffs fail to plead their aiding and abetting claim with particularity. Plaintiffs cite *Farlow v. Peat Marwick, Mitchell & Co.,* 956 F.2d 982 (10th Cir.1992) for the proposition that a claim for aiding and abetting a section 10(b) violation must be plead with independent particularity. *Farlow* clearly holds that a plaintiff must plead a section 10(b) claim with particularity. *Farlow,* 956 F.2d at 986. *Farlow* is unclear, however, whether a plaintiff must plead with independent particularity a claim for aiding and abetting a section 10(b) violation. In *Farlow* the plaintiff asserted a section 10(b) claim and a claim for aiding and abetting the section 10(b) violation. Because the plaintiff failed to plead the section 10(b) claim with particularity the Tenth Circuit upheld dismissal of both claims.

■ Fraud is an essential element of a claim for aiding and abetting a section 10(b) violation. To establish a claim for aiding and abetting a section 10(b) violation the plaintiff must plead and prove (1) fraud in the sale of securities by a primary violator, (2) knowl-

edge of that fraud by the aider and abettor, and (3) substantial assistance by the aider and abettor in committing the section 10(b) violation. *Farlow*, 956 F.2d at 986; *DBLKM, Inc. v. Resolution Trust Corp.*, 969 F.2d 905, 908 (10th Cir.1992).

The Tenth Circuit's analysis in *Farlow* was limited to whether the plaintiff pled its section 10(b) claim with particularity. I read *Farlow* to require dismissal of an aiding and abetting claim only if the plaintiff fails to plead the underlying section 10(b) fraud violation with sufficient particularity.

■ Fed.R.Civ.P. 9(b) delineates the allegations a plaintiff must plead with particularity. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Aiding and abetting is not a pure fraud claim. Fraud, however, is an essential element of an aiding and abetting claim. Therefore, I hold that although an aiding and abetting claim must be pled with particularity insofar as the section 10(b) violation is concerned the other elements of an aiding and abetting claim may be pled generally. *See* Fed.R.Civ.P. 9(b).

I held before that plaintiffs pled with particularity their section 10(b) claims against Storage Technology, Poppa, and Tymn, the primary violators. *In re Storage Technology*, 804 F.Supp. at 1372. The aider and abettor defendants do not argue that plaintiffs fail to plead with particularity a section 10(b) claim against these primary violators. Thus, plaintiffs plead adequately the first element of an aiding and abetting claim.

Plaintiffs further allege that the aider and abettor defendants knew of the primary violators' allegedly fraudulent conduct. I accept this allegation as true. *Hospice of Metro Denver v. Group Health Insurance*, 944 F.2d 752, 753 (10th Cir.1991). Because knowledge may be averred generally under Rule 9(b), this general allegation is sufficient to satisfy the notice pleading requirements of Fed. R.Civ.P. 8(a). Accordingly, plaintiffs plead adequately the second element of an aiding and abetting claim.

As to the last element of substantial assistance, plaintiffs allege that: (1) the aider and abettor defendants substantially assisted the fraud by failing to advise the public of the true facts; (2) as Storage Technology officers, these defendants owed a fiduciary duty to plaintiffs to disseminate complete and accurate information regarding Iceberg; (3) the aider and abettor defendants intentionally, knowingly, or recklessly breached this duty by failing to ensure that Storage Technology disclosed complete and accurate information concerning Iceberg; and (4) these defendants turned a blind eye to the alleged fraud to maintain their positions and reap profits from insider trading. I accept these allegations as true. *Hospice of Metro Denver*, 944 F.2d at 753.

■ The aider and abettor defendants argue that, as a matter of law, silence or inaction is not substantial assistance. To the contrary, silence or inaction constitutes substantial assistance where, as here, there is a duty to disclose information. *See First Interstate Bank of Denver, N.A. v. Pring*, 969 F.2d 891, 899 (10th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. 3403 (U.S. November 16, 1992) (No. 92–854). Plaintiffs allege that defendants had a duty to disclose complete and accurate information concerning Iceberg. Accordingly, plaintiffs plead adequately the final element of an aiding and abetting claim. Plaintiffs allegations state an aiding and abetting claim and, thus, the aider and abettor defendants' motion to dismiss this claim will be denied.

**B.**

■ The aider and abettor defendants' argument that plaintiffs' section 20A claim should be dismissed is premised on their contention that plaintiffs fail to plead adequately an aiding and abetting claim. A predicate for a section 20A claim is a violation of the 1934 Securities Exchange Act or the rules and regulations promulgated thereunder. 15 U.S.C. § 78t–1(a); *In re Storage Technology*, 804 F.Supp. at 1374. Because plaintiffs plead adequately an aiding and abetting claim against the aiding and abetting defendants their section 20A claims against these *defendants* stands.

### III.

■ All individual defendants contend that the section 20(a) claim should be dismissed because plaintiffs fail to allege with specificity the control or influence the individual defendants exercised over Storage Technology. Under section 20(a) a controlling person is liable for another's violation of the 1934 Securities Exchange Act or the rules and regulations promulgated thereunder if he directly or indirectly, controlled the violator. 15 U.S.C. § 78t(a). Plaintiffs generally allege that

> [b]y reason of their management positions, directorships, or equity interest the Individual Defendants ... were able to and did control directly or indirectly the acts of StorageTek and the contents of the statements disseminated during the Class Period by or in the name of StorageTek. The Individual Defendants were, at the time of the wrongs alleged herein, controlling persons of StorageTek within the meaning of Section 20(a) of the Exchange Act. The Individual Defendants had and exercised the power and direct or indirect control over StorageTek through which they caused StorageTek to engage in the illegal practices complained of herein.

(Third amended complaint ¶ 23.)

Defendants contend that plaintiffs must plead more specific acts or instances of actual control exercised by the individual defendants to state a proper section 20(a) claim. I disagree.

■ A section 20(a) claim need not be stated with particularity. *See* Fed.R.Civ.P. 9(b) (limiting particularity requirement to circumstances constituting fraud and mistake). Rather, this claim is subject to ordinary notice pleading requirements. Notice pleading requires a claim for relief to contain a short and plain statement showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). A claimant need not set out in detail the facts upon which he bases his claim. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Rather, the allegations must be sufficient to give a defendant fair notice of the plaintiff's claim and the basis upon which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. at 102.

Plaintiffs need not allege the specific instances of actual control exercised by the individual defendants. Their allegations are sufficient to advise the individual defendants that they are liable as controlling persons. Plaintiffs allege that the individual defendants exercised control and influence over Storage Technology, who they claim violated section 10(b). I must accept these allegations as true. *Hospice of Metro Denver,* 944 F.2d at 753. So viewed, they are sufficient to satisfy notice pleading standards and to state a section 20(a) claim. The individual defendants' motion to dismiss plaintiffs' section 20(a) claim will be denied.

### IV.

■ Plaintiffs contend that the class period should be extended until November 8, 1992 because of certain alleged misrepresentations Storage Technology made concerning Iceberg from August 7, 1992 through November 8, 1992. The class period now ends on August 7, 1992.

On August 7, 1992 Storage Technology announced that "beta testing and production shipments of Iceberg will be delayed by *at least* one quarter from previous estimates" because of unanticipated delays in microde development. (Third amended complaint ¶¶ 103–104.) (emphasis added). Later, Storage Technology downplayed this further delay by stating that the company did not expect financial effects from the delay because it never intended a significant amount of revenue from Iceberg in 1992. (Third amended complaint ¶ 105.) Storage Technology also stated that this delay did not soften its commitment to Iceberg, that there were no competitive products on the horizon, and that the announcement was believed to be a correct assessment of Iceberg's production schedule. (Third amended complaint ¶¶ 108–110.) However, on November 9, 1992 Storage Technology announced that beta testing will extend into the second quarter of 1993 and that it was possible that Iceberg would generate no revenues in 1993. (Third amended complaint ¶ 115.)

Plaintiffs contend that when Storage Technology made its August 7, 1992 announcement defendants knew that Iceberg's beta

testing and production shipments would be delayed for at least two quarters. (*See* plaintiffs' response, at 30.) Plaintiffs complain that Storage Technology's failure to reveal that a two quarter delay could be expected was fraudulent. Defendants contend that the August 7, 1992 announcement was cautious and, therefore, unactionable.

 Forecasts, projections, and expectations made with adequate cautionary language are not actionable as securities fraud. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 (1st Cir.1991); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1040 (6th Cir.1991); *In re Convergent Technologies Securities Litigation*, 948 F.2d 507, 516 (9th Cir.1991); *In re Donald J. Trump Casino Securities Litigation*, 793 F.Supp. 543, 549 (D.N.J.1992) (collecting cases).

> In determining whether statements are actionable the court must scrutinize the nature of the statement to determine whether the statement was false when made. While analyzing the nature of the statement, the court must emphasize whether the prediction suggested reliability, bespoke caution, was made in good faith, or had a sound factual or historical basis.

*Sinay*, 948 F.2d at 1040 (internal quotes and citations omitted). Also, the challenged statement must be read in light of the information available to the market. *In re Convergent Technologies*, 948 F.2d at 512.

The August 7, 1992 announcement alerted a reasonable investor that a two quarter delay was possible. Plaintiffs' chief complaint with the August 7, 1992 announcement and subsequent statements is that Storage Technology was giving the false impression that Iceberg would not experience any delays beyond one quarter. The August 7, 1992 announcement was of such a cautious nature that a reasonable investor would understand that more than a one quarter delay was possible. The cautious nature of this statement is evident when considered in context. As detailed in plaintiffs third amended complaint, before Storage Technology made the August 7, 1992 announcement it had delayed the production of Iceberg several times. Given this history of delays, a reasonable investor would have received the August 7,

1992 announcement with caution. I conclude that the August 7, 1992 statement and subsequent public representations were cautious and that no reasonable investor would have been mislead by them. Accordingly, these statements are not actionable, and are stricken from the complaint.

Accordingly, IT IS ORDERED that

(1) defendants' motion to dismiss is denied; and

(2) plaintiffs' allegations extending the class period beyond August 7, 1992 are stricken from the complaint.