### In re SYNERGEN, INC. SECURITIES LITIGATION.

Civ. A. No. 93–B–402.

United States District Court, D. Colorado.

April 8, 1994.

Gerald L. Bader, Jr., Renee B. Taylor, Bader & Villanueva, Denver, CO, Robert P. Frutkin, Barbara A. Podell, Savatt Frutkin Podell & Ryan, P.C. and Sherrie R. Savett and Carole A. Broderick, Berger & Montague, P.C., Philadelphia, PA, for plaintiffs.

Nancy J. Gegenheimer, Edwin P. Aro, Holme Roberts & Owen, Denver, CO, and Boris Feldman and Bruce Vanyo, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are the following motions:

a) Plaintiffs move pursuant to Fed. R.Civ.P. 23(a) and (b)(3) for class certification of their negligent misrepresentation claim; and,

b) Defendants Synergen, Inc., Jon Saxe, Kenneth Collins, and Michael A. Catalano (collectively Synergen) move to dismiss plaintiffs' negligent misrepresentation claim.

These motions are adequately briefed and oral argument was held April 8, 1994. For all the reasons set forth below, Plaintiffs' motion will be denied and Synergen's motion will be granted. Accordingly, plaintiffs' negligent misrepresentation claim will be dismissed without prejudice.

### I.

Plaintiffs' consolidated amended complaint (complaint) asserts claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and for negligent misrepresentation. Pursuant to stipulation and order, plaintiffs' federal securities law claims have been certified as class action claims. The class for these claims consists of all persons who purchased Synergen, Inc.'s common stock and call options, or sold Synergen, Inc. put options during the period from November 7, 1991 through and including February 19, 1993 (the class period), who sustained damages as a result thereof, and who are asserting federal securities law claims (counts I, II and IV of the complaint). *See* Stipulation and Order dated September 7, 1993 and Revised Order dated March 28, 1994.

The first question is whether plaintiffs' state claim for negligent misrepresentation should be certified as a class claim under Fed.R.Civ.P. 23(a) and 23(b)(3). When a case includes multiple claims, one or more of which might qualify as a certifiable class

claim, the claims may be separated and certified individually. *See generally In re A.H. Robins Co.*, 880 F.2d 709, 728 (4th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). The second issue is whether I should exercise supplemental jurisdiction over plaintiffs' state claim for negligent misrepresentation.

## II.

■ In order to maintain a class action, plaintiffs must satisfy all of the requirements of Rule 23. The determination of whether they have done so is "a matter within the sound discretion of the trial court ..." *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir.1982), *cert. denied*, 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983). Certification is appropriate only if "after rigorous analysis ... the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). In ruling on a motion for class certification pursuant to Rule 23, my inquiry is limited to whether the requirements of Rule 23 have been satisfied. I may not consider the merits of the proposed class action claim. *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975) (lack of merit is an insufficient reason to deny class certification because it is not specifically enumerated in Rule 23(a)).

Rule 23(a) of the Federal Rules of Civil Procedure provides that a class action may be maintained "only if ... there are questions of law or fact common to the class." The common question requirement exists to satisfy the purpose of the class action device, namely to save "the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Falcon*, 457 U.S. at 155, 102 S.Ct. at 2369 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S.Ct. 2545, 2557–58, 61 L.Ed.2d 176 (1979)). In addition to fulfilling the requirements of Rule 23(a), the representative class plaintiffs must also satisfy one requirement of Rule 23(b). The class plaintiffs in this case seek certification under Rule 23(b)(3). Thus, I must find that 1) common

questions of law or fact predominate over individual questions, and 2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b).

■ Plaintiffs' negligent misrepresentation claim cannot properly be certified because they fail to show that common questions of law or fact predominate over individual questions. Fed.R.Civ.P. 23(b)(3). Specifically, this state claim presents issues personal to each individual plaintiff. Under Colorado law, an essential element of this state claim is that the plaintiff prove actual reliance on a specific statement or omission by defendants. *In re Storage Technology Corp. Securities Litigation*, 630 F.Supp. 1072, 1080 (D.Colo.1986). This burden contrasts markedly with the presumption of reliance supplied by the fraud-on-the-market theory under section 10(b). *See Basic Inc. v. Levinson*, 485 U.S. 224, 243–47, 108 S.Ct. 978, 989–99, 99 L.Ed.2d 194 (1988) (reliance may be presumed under § 10(b) under fraud-on-the-market theory). No Colorado court has applied the fraud-on-the-market theory to a negligent misrepresentation claim.

Here, each plaintiff must prove his or her individual reliance. As a result, the statutory purpose underlying class certification evaporates. Indeed, this purpose is frustrated because the question of each plaintiff's reliance must be treated and tried separately. *See In re Rospatch Securities Litigation*, 1991 WL 427890 *11–12 (W.D.Mich.1991) (denying class certification of pendent state law fraud and fraudulent concealment claims).

Because questions of fact involving *each* plaintiffs' reliance predominate over issues common to all members of the class, I will deny class certification for plaintiffs' negligent misrepresentation claim. Fed.R.Civ.P. 23(a) and (b)(3). Other courts in this circuit have reached this same conclusion. *Antonson v. Robertson*, 141 F.R.D. 501, 508 (D.Kan.1991); *Farber v. Public Service Co. of New Mexico*, 1990 WL 257286 *4 (D.N.M. 1990); *Kelley v. Mid–America Racing Stables, Inc.*, 139 F.R.D. 405, 411 (W.D.Okla. 1990) (denying certification for common law fraud claim). Moreover, certification of this

state claim could implicate the laws of each state where a class member purchased stock.

Plaintiffs argue that a choice of law analysis should await final determination at trial. Alternatively, they contend that Colorado's substantive law applies to their negligent misrepresentation claim. Even assuming universal application of Colorado law governing this state law claim, class certification remains inappropriate. Again, factual issues of reliance predominate and, therefore, certification of this claim is contrary to the efficient adjudication of this controversy. Accordingly, I will deny class certification of plaintiffs' negligent misrepresentation claim.

### III.

■ I must determine whether exercising my supplemental jurisdiction over plaintiffs' negligent misrepresentation claim is proper in light of my decision to decline certification. Synergen moves to dismiss plaintiffs' negligent misrepresentation claim under 28 U.S.C. § 1367, the Judicial Improvements Act of 1990 (JIA). This state law claim tends to predominate over plaintiffs' federal securities claims. Consequently, under 28 U.S.C. § 1367(c)(2) and (c)(4), I decline to exercise supplemental jurisdiction over plaintiffs' state law claim. I will grant Synergen's motion and dismiss plaintiffs' negligent misrepresentation claim without prejudice.

■ The decision whether to exercise pendent jurisdiction has traditionally been a matter within the court's discretion. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Because § 1367 codifies pendent jurisdiction, the discretionary element is necessarily retained. *James v. Sun Glass Hut of California, Inc.,* 799 F.Supp. 1083, 1084 (D.Colo.1992). However, that discretion is limited by the requirement that supplemental jurisdiction be exercised *unless* one of the categories in § 1367(c) is met. *Id.* Specifically, § 1367(c) provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

1) the claim raises a novel or complex issue of State law,

2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

3) the district court has dismissed all claims over which it has original jurisdiction, or

4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The JIA expressly preserves only two of the four *Gibbs* discretionary factors. *LaSorella v. Penrose St. Francis Healthcare System,* 818 F.Supp. 1413, 1415 (D.Colo.1993). The first *Gibbs* factor, the absence of judicial economy, convenience and fairness to litigants, and the fourth, jury confusion caused by divergent state and federal claims and theories are absent from § 1367(c). It is unclear whether these factors are retained under the § 1367(c)(4) "exceptional circumstances" category. *See Executive Software North America, Inc. v. U.S. District Court for Central District of California,* 15 F.3d 1484, 1493 n. 6 (9th Cir.1994) (stating courts still take into account the values of judicial economy, fairness, convenience and comity in interpreting § 1367(c)(4)); *see also Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1284 (3rd Cir.1993); *But Cf. LaSorella,* 818 F.Supp. at 1415 (stating that § 1367(c) abandoned these considerations).

The Plaintiffs urge me to exercise supplemental jurisdiction over their negligent misrepresentation claim. In part, they rely on *In re Storage Technology Corporation Securities Litigation,* 804 F.Supp. 1368 (D.Colo. 1992). There, the court exercised supplemental jurisdiction over plaintiffs' state law fraud and negligent misrepresentation claims. *Id.* at 1375. However, *Storage Technology* is distinguishable. The parties in *Storage Technology* stipulated to class certification of the pendent state law claims whereas here class certification of the state law for negligent misrepresentation is successfully challenged.

In this case, plaintiffs' state law claim for negligent misrepresentation predominates over their federal securities claims. Unlike plaintiffs' federal securities claims, their negligent misrepresentation claim, as concluded

above, is not a certifiable class claim. Thus, the individual burden of proof required to support the reliance element of this state claim overshadows plaintiffs' dominant class action federal securities claims. In short, the tail wags the dog. Under these circumstances, I will exercise my limited discretion to decline supplemental jurisdiction over plaintiffs' negligent misrepresentation claim. *See* 28 U.S.C. § 1367(c)(2). I further conclude that the combination of certifiable federal class claims with a non-certifiable state claim is an exceptional circumstance which falls within the purview of § 1367(c)(4). Accordingly, I will dismiss plaintiffs' negligent misrepresentation claim without prejudice.

ACCORDINGLY, it is ORDERED that:

1) Plaintiffs' motion for certification of their negligent misrepresentation claim is DENIED;

2) Synergen's motion to dismiss plaintiffs' negligent misrepresentation claim is GRANTED; and,

3) Plaintiffs' negligent misrepresentation claim is DISMISSED WITHOUT PREJUDICE.