**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICHARD R. MARKGRAF;
ROBERT COLLETT; ESTHER
KATZ; WILLIAM WESTWOOD;
WALTER H. VEIT; EVANGELOS
STATHAKOS; RICHARD HADDAD;
SIERRA ENTERPRISES, INC.
PROFIT SHARING PLAN; RONALD
KASSOVER; SEE MORE LIGHT
INVESTMENTS; FRITZ D.
KAHLENBERG; JOHN W.
MCLAMB, JR.,

        Plaintiffs-Appellees,

v.

STORAGE TECHNOLOGY
CORPORATION,

        Defendant.

---

DR. SEYMOUR LICHT,

        Objector-Appellant.

No. 97-1166
(D.C. No. 92-B-750)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This appeal arises out of the settlement of a securities fraud class action against Storage Technology Corporation and several of its officers and directors.  See generally In re Storage Tech. Corp. Sec. Litig., 147 F.R.D. 232 (D. Colo. 1993); In re Storage Tech. Corp. Sec. Litig., 804 F. Supp. 1368 (D. Colo. 1992).  Appearing pro se, Seymour Licht appeals the district court's denial of his objections to the amount of fees and expenses paid to the claims administrator out of the settlement's common fund.  Licht is a partner in a partnership that is a class member and named plaintiff in this case.

On December 1, 1995, the district court approved a settlement and distribution plan.  On February 18, 1997, plaintiffs' co-lead counsel moved for entry of an administrative order that provided, inter alia, for payment of the

[*](...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims administrator's fees and expenses. The district court granted the motion the same day. Licht received a copy of counsel's motion on February 19 and filed his objections to the motion on February 21, the day he received a copy of the court's administrative order granting the motion. On February 24, he filed a motion for reconsideration. The district court ordered a response and Licht filed a reply. On March 20, the court denied the motion for reconsideration. Licht filed his notice of appeal on April 14.

Plaintiffs have filed a motion to dismiss the appeal. They contend that Licht's notice of appeal was untimely and that Licht lacks standing to appeal because he is not a party to the litigation. Their first contention clearly lacks merit. Licht filed his motion for reconsideration, which we construe as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), see Hatfield v. Board of County Comm'rs, 52 F.3d 858, 861 (10th Cir. 1995), within ten days of the district court's administrative order, and it therefore tolled the time for filing the notice of appeal until the court ruled on the motion, see id.; Fed. R. App. P. 4(a)(4). Licht filed his notice of appeal within thirty days after the court denied his motion for reconsideration and therefore was timely.

Plaintiffs contend Licht lacks standing because he did not intervene in the case and because in his individual capacity, he is not a class member. Were Licht challenging the validity of the settlement agreement itself, his failure to intervene

might be determinative. See Gottlieb v. Wiles, 11 F.3d 1004, 1009 (10th Cir. 1993). However, he is challenging only the award of the claims administrator's fees and expenses, and his failure to intervene does not preclude him from appealing the award. See Rosenbaum v. MacAllister, 64 F.3d 1439, 1442-43 (10th Cir. 1995) (holding nonintervening class member had standing to challenge award of attorney fees).

Plaintiffs also contend that because Licht as an individual did not own any stock in Storage Technology and did not file a claim as an individual to settlement proceeds, he is not a class member in his individual capacity. See Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854-55 (10th Cir. 1993) (holding that only class members had standing to object to award of attorney fees paid from class settlement fund). Plaintiffs recognize that a partnership in which Licht is the senior partner, See More Light Investments, is a class member as well as a named plaintiff in this case and that the partnership received proceeds from the settlement.

Having apparently learned that as a non-lawyer, he may not represent the partnership in court, see Seymour Licht v. America West Airlines (In re America West Airlines), 40 F.3d 1058, 1059 (9th Cir. 1994), Licht has proceeded in this case in his own name. However, whether Licht may challenge the claims administration fees and expenses appears to be more properly viewed as a real-

-4-

party-in-interest issue rather than a standing issue. See FDIC v. Bachman, 894 F.2d 1233, 1235-36 (10th Cir. 1990) ("Standing pertains to suits brought by individuals or groups challenging governmental action which has allegedly prejudiced their interests. On the other hand, the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest is not readily discernible.") (quotation omitted). Because unlike a lack of standing, a real-party-in-interest defense is waivable, see id. at 1236, and since plaintiffs did not raise this issue in the district court, they may not raise it for the first time on appeal. However, because the merits of the appeal are much easier to resolve against Licht than the jurisdictional issue, we will assume jurisdiction without deciding the matter and proceed to the merits. Cf. Norton v. Matthews, 427 U.S. 524, 532 (1976) (noting that the Court reserves "difficult questions of our jurisdiction when the case alternatively could be resolved on the merits in favor of the same party").

Licht first contends that the district court violated his due process rights by issuing the administrative order without giving him notice and an opportunity to object. In ruling on his motion for reconsideration, the district court fully considered his objections but rejected them and reaffirmed its earlier order. Licht was thus given an opportunity to be heard, and there is no due process violation. Licht contends that based on his "professional opinion" as a "PHD in

engineering" with a "degree in mathematical statistics," Appellant's Br. at 20, the amount of fees charged per claim evaluation was excessive. He also contends that the charge for envelopes and copying costs was too high. We review the award of claims administration fees and expenses for abuse of discretion. <u>Cf. Rosenbaum</u>, 64 F.3d at 1444 (reviewing award of attorney fees). We have considered Licht's arguments and conclude that he has not demonstrated that the court abused its discretion in approving the claims administrator's fees and expenses.

The motion to dismiss is DENIED. The judgment of the district court is AFFIRMED. Licht's request for sanctions is DENIED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge