Bryce AMBRAZIUNAS, Cary Ambraziunas, Marsha Ambraziunas, Ray Ambraziunas, Jane Ashley, Rick Back, M. Lawrence Berk, Trustee of the M. Lawrence Berk Trust, Lois Berk, Simone Berk, Irma Beezley, Charles A. Bonati, Jr., Diana M. Bonati, C & D Enterprises, Charles and Kathleen Bonati, Diane Bossiere, Sarah Bozich, James Cambridge, Connie Carlstrom, Ethan Cantor, Barbara Carnahan, Barbara Colard, William C. Daney, Jr., Steve D'Arcy, Jr., Charlanne Divito, Tom Donahue, Rolf and L. Dutzmann, Acoustech, Linda Eis, Mark Euler, William Faccone, Jill Fishman, Steven and Susan Fishman, Peggy Florio, Paul and Janette Franklund, Donna Garvin, Deborah Gaudio, Rich Gaudio, David Gelinas, Daniel Gelinas, Len Gelinas, John Harmaj, Yoshiyuki Horii, Dennis W. Kil, Jonas Krämer, Mark LaPoint, Vern Leatherman, James Lembeck, Eugene Marlowe, Verona McLean, Homer and Janet McDanal, Father I. Mouser, Loren Nowell, Roger Owen, Todd Parrish, Arnold Patrick, Ralph Patrick, William and Jean Patrick, Brad and Edie Paulsen, Bruce Pfann, Henry Ripley III, Leon Pommer, Gary Pierce, Peter Ramig, Stephen Replin, Jimmie Robinson, Nancy Rudzek, Richard and Linda Ryen, Allen and La-Vonne Schmitt–Gordon, Mark Shumate, Dr. Ozzie Siegel, Thomas and Karen Stegman, Duke and MaryAnne Stroud, Stephen Sparn, Gregg Swanson, Glenn Swanson, Steve Swanson, Wayne Swanson, James Symmonds, Bonnie Tatum, Elizabeth Trujillo, Jennifer Uhl, Robert Urias, John Vincent, James Wallace, Robert Weiner, Andrew Wildenberg, Estate of James F. Wilson, Ann Wolta, Robert Wolta, Shaun and Sarah White, Connie Yamauchi, Earl Yamauchi, Janey Zacharias, Plaintiffs,

v.

BANK OF BOULDER, a banking corporation, and Dun & Bradstreet, Inc., a corporation, Defendants.

Civ. A. No. 93–K–1567.

United States District Court, D. Colorado.

March 25, 1994.

Declan J. O'Donnell, Englewood, CO, for plaintiffs.

Joseph C. French, French & Stone, P.C., Boulder, CO, for Bank.

Andrew J. Petrie, and Nicholas P. Hansen, Kirkland & Ellis, Denver, CO, for Dun & Bradstreet.

---

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this case, over one hundred Plaintiffs seek relief against Defendants Bank of Boulder ("the Bank") and Dun & Bradstreet, Inc. ("D & B") arising out of their alleged participation in the M & L Business Machine Co., Inc. fraudulent Ponzi scheme. Before me are: (1) the Bank's renewed motion to dismiss, (2) D & B's motion to dismiss all claims except the negligence claim of Vern Leatherman,[1] (3) D & B's motion to strike the designation of certain additional Plaintiffs and the withdrawal of certain other Plaintiffs, (4) potential Plaintiffs' motions for leave to join additional parties and (5) various Plaintiffs' motions to dismiss and to amend the caption.

### FIRST AMENDED COMPLAINT

The Plaintiffs, by and through Counsel DECLAN JOSEPH O'DONNELL, P.C., for Complaint against the Defendants state as follows:

Plaintiffs' initial complaint was filed in state court on June 30, 1993. The case was then removed to federal court and each defendant filed a motion to dismiss.

Plaintiffs make the following allegations. M & L perpetrated a fraudulent Ponzi scheme from 1987 through early 1991, utilizing private investors such as Plaintiffs, the Bank and other financial institutions, such as D & B, to further its scheme. From 1989 until 1991, the Bank handled the bank accounts of M & L and made loans to M & L. D & B issued credit reports, financial data and information on M & L to investors and persons intending to do business with M & L. Plaintiffs made private investments in the M & L scheme and relied on the Bank, which allegedly participated in the scheme. The Plaintiffs seeking relief against D & B also relied on false credit reports issued by D & B. M & L utilized the essential services of several institutions, including the Bank and D & B, to perpetrate its fraudulent scheme on Plaintiffs. The Bank participated, *inter alia*, by facilitating check-kiting and illegal loan schemes, with intentional or reckless state of mind to garner monies for itself.

The M & L principals were indicted for fraud in Colorado, conceded guilt as co-conspirators and are serving sentences in federal prison. On October 1, 1990, M & L filed for Chapter 7 bankruptcy protection. The case was briefly converted to Chapter 11 and then back to Chapter 7. A trustee, Christine Jobin, was appointed on December 11, 1990. She filed civil litigation against the Bank and others for racketeering in connection with the M & L scheme. The trustee ceased all operations of M & L in March 1991.

Based on these allegations, Plaintiffs bring the following claims under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), (2) the Colorado Organized Crime Control Act ("COCCA"), Colo.Rev.Stat. § 18–17–104 (1986), (3) Rule 10b–5 of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b–5 (1993), (4) the Colorado Securities Act, Colo.Rev.Stat. 11–51–201 (1986), (5) fraudulent misrepresentation and negligence (6) negligence, (7) negligent or intentional infliction of emotional distress, and (8) exemplary damages. The first five claims are against the Bank, the sixth claim is against D & B, and the seventh and eighth claims are against both Defendants. Plaintiffs have had several opportunities to amend their pleadings and perfect their

---

1. D & B filed a motion to dismiss all claims against it with respect to the Complaint. Thereafter Plaintiffs filed the First Amended Complaint. D & B then filed a motion to dismiss with prejudice claims by all Plaintiffs with the exception of Vern Leatherman's negligence claim.

statements in support of each claim. To date, they have failed to do so.

I consider the motions to dismiss first, followed by the procedural motions concerning the addition and withdrawal of certain Plaintiffs. In considering the motions to dismiss, I group the RICO and COCCA claims together and the federal and state securities claims together because, in both cases, the state law statute is modelled on the equivalent federal law.

## I. *Motions to Dismiss*

### A. *Standard for Motion to Dismiss*

Under Fed.R.Civ.P. 8(a), a plaintiff is required to offer a short and plain statement (1) of the grounds upon which the court's jurisdiction depends and (2) of the claim showing that the pleader is entitled to relief. Under Rule 9(b), a plaintiff pleading fraud is required to state with particularity the circumstances constituting the fraud. On a Rule 9(b) motion to dismiss, I examine the complaint to determine whether plaintiffs have "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir.1991). The dismissal of a claim for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Seattle–First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir.1986).

In ruling on a motion to dismiss, whether for lack of jurisdiction over subject matter under Rule 12(b)(1) or for failure to state a cause of action under Rule 12(b)(6), I must accept all factual allegations as true and must draw all reasonable inferences in favor of the pleader. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991). A claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir.1991).

### B. *Merits*

#### 1. *RICO and COCCA Claims*

The Bank seeks to dismiss Plaintiffs' first and second claims for relief under RICO and COCCA respectively for failure to state fraud with particularity as required by Fed. R.Civ.P. 9(b). The racketeering activity prohibited under RICO includes various offenses involving fraud. 18 U.S.C. § 1961(1). In reviewing the sufficiency with which Plaintiffs plead their RICO claim, I apply Fed. R.Civ.P. 9(b) which requires that "the circumstances constituting fraud ... be stated with particularity." In *Saine v. A.I.A., Inc.*, 582 F.Supp. 1299, 1302 (D.Colo.1984), I noted that this rule governs the pleading of a predicate offense if that offense involves fraud.

Plaintiffs designate their RICO claim as being under 18 U.S.C. § 1964(c) which provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Section 1962 sets out numerous activities prohibited under the Act. Section 1962(a) makes it unlawful to invest funds derived from a pattern of racketeering activity in an enterprise engaged in interstate commerce. Section 1962(b) prohibits the operation or acquisition of an enterprise through a pattern of racketeering activity. Section 1962(c) provides for the liability of any person associated with an enterprise which affects interstate commerce to conduct or participate in the affairs of such enterprise through a pattern of racketeering activity. Section 1962(d) states that it is forbidden to conspire to violate any of the substantive provisions of § 1962.

In pleading a claim under RICO:

> [t]he statutory pattern reveals eight elements that are critical to a RICO claim:
>
> 1) That the defendant
>
> 2) through the commission of two or more of the enumerated predicate acts
>
> 3) which constitute a "pattern"

4) of "racketeering activity"

5) directly or indirectly participates in the conduct of

6) an enterprise

7) the activities of which affect interstate commerce, and that

8) the plaintiff was injured in his business or property by reason of such conduct.

*Saine,* 582 F.Supp. at 1302.

To meet the Rule 9(b) standard, Plaintiffs "must identify the circumstances constituting the fraud." *Id.* at 1303. With respect to each Plaintiff, this will involve "identification of the particular defendants with whom the plaintiff dealt; designation of the occasions on which fraudulent statements were made, and by whom; and designation of the occasions on which fraudulent statements were made and how." *Id.*

Plaintiffs make numerous factual assertions in their general allegations, organizing them under the headings "The Fraudulent Scheme," "The Bank's Participation," and "The Enterprise." They purport to identify the predicate acts of the racket as being mail fraud and fraud in the sale of securities. However, Plaintiffs fail to state with required specificity the facts that support the elements of their first claim for relief under RICO. Plaintiffs also fail to designate which prohibited activity they are asserting under § 1962. It is impossible to determine from the allegations in the complaint precisely what is claimed as to any of the section 1962 subsections.[2]

In *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 371 (10th Cir.1989), the court refused itself and refused to require the defendants to search through several paragraphs of general allegations in order to match them with elements of RICO to determine if the complaint stated a claim for relief. This policy was reiterated in *Old*

*Time Enterprises, Inc. v. International Coffee Corp.* There, the court held:

> It is perhaps not impossible that a RICO claim may lie hidden or buried somewhere in OTE's complaints and the Standing Order case statement. OTE's pleadings do not unequivocally negate such possibility. However, they also do not state a RICO claim against defendants with sufficient intelligibility for a court or opposing party to understand whether a valid claim is alleged and if so what it is.

862 F.2d 1213, 1218 (5th Cir.1989).

I find that Plaintiffs have not plead each element of the RICO claim with the particularity required by Rule 9(b). In accordance with the presumption against rejecting pleadings for failure to state a claim, I dismiss the first claim for relief under RICO, without prejudice to Plaintiffs' right to assert their RICO claim(s) under a specific RICO subsection or subsections, supporting each claim with allegations of fact. Since Plaintiffs have had ample opportunity to plead their claims, I will not look fondly on any further attempts which fail to meet the pleading requirements.

 Plaintiffs' second claim for relief is brought under Colo.Rev.Stat. § 18–17–104 (1986), a provision of COCCA that is modelled after RICO. As with RICO, COCCA imposes severe penalties, both civil and criminal, against those who profit from a "pattern of racketeering." COCCA prohibits four activities, each consisting of a different method of using a "pattern of racketeering" to influence an "enterprise." *See id.,* (1)–(4). As with their RICO claim, Plaintiffs fail to designate which COCCA violation they assert under § 18–17–104 nor do they specify which facts support their COCCA claim. Federal cases interpreting RICO, while not dispositive, are instructive upon similar issues under COCCA. *People v. Chaussee,* 847 P.2d 156, 159 (Colo.App.1992). Applying the Rule 9(b) pleading standard applicable to RICO, I find

---

**2.** Plaintiffs attempt to identify some of the predicate acts comprising the pattern of racketeering by incorporating by reference the indictments of various individuals involved with M & L (*See* Pls.' Am.Compl., Ex. A), and the allegations set forth in the Third Amended Complaint in *Jobin v. Bank of Boulder (In re M & L Business Machine Co.),* No. 91–C–1065 (D.Colo.1991), (Pls.' Am. Compl., Ex. G). I disapprove of such form of pleading as cumbersome and unhelpful. Neither the indictments nor the complaint identifies occasions on which fraudulent statements were made to specific Plaintiffs. Further, they do not reflect criminal violations committed by the Bank.

that Plaintiffs likewise fail to plead their COCCA claim with required particularity. I therefore dismiss the second claim for relief under COCCA, without prejudice to Plaintiffs' right to assert their COCCA claim(s) under a specific COCCA subsection or subsections supporting each claim with allegations of fact.

### 2. Federal and State Securities Claims

■ The Bank contends, *inter alia,* that, Plaintiffs have not plead fraud with particularity as required by Fed.R.Civ.P. 9(b). In their third claim for relief under Rule 10b-5 of the Securities Exchange Act of 1934. Rule 10b-5 provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange (a) to employ any device, scheme or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any securities.

17 C.F.R. § 240–10b–5 (1993).

A Rule 10b–5 claim for damages "may not be maintained in the absence of allegations of fraud, with intent to deceive, manipulate or defraud on the part of the defendant. An element of scienter must also be present, and liability may not be imposed for simple negligent conduct." *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 986 (10th Cir. 1992). The primary purpose of Rule 9(b) is "to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." *Id.* at 987. Courts strictly enforce Rule 9(b) in connection with claims under the securities laws, "requiring detailed statements of the specific conduct which allegedly violated the statutes in question." *Id.* at 986.

In *Bank of Denver v. Southeastern Capital Group, Inc.,* the court noted that the Tenth Circuit in *Seattle–First National Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir. 1986), adopted the following formulation of Rule 9(b)'s requirements in securities fraud cases:

Rule 9(b) does not . . . require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means . . . that individual plaintiffs should identify particular defendants with whom they dealt directly, and from whom they purchased stock; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them—and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them—and how.

763 F.Supp. 1552, 1556 (D.Colo.1991).

In their third claim for relief, Plaintiffs fail to set forth any detailed statement of specific conduct, but rather couch their claims in the broadest terms, mouthing the statutory language. I therefore dismiss the third claim for relief without prejudice to Plaintiffs' right to state the circumstances of the alleged fraud with the requisite particularity.

Plaintiffs attempt to state a fourth claim for relief under Colorado Securities Act, Colo.Rev.Stat. § 11–51–201 (1986). This statute parallels the Federal Securities Act of 1933 and the Securities and Exchange Act of 1934. *Sauer v. Hays,* 36 Colo.App. 190, 539 P.2d 1343, 1346 (1975). Insofar as the provisions and purposes of the Colorado statute parallel those of the federal enactments, such federal authorities are highly persuasive. *Lowery v. Ford Hill Inv. Co.,* 192 Colo. 125, 556 P.2d 1201, 1204 (App.1976). Applying these principles, the particularity mandated by Rule 9(b) for federal securities claims also applies to Plaintiffs' state securities claim. I find that Plaintiffs have failed to plead their state securities claim with sufficient specificity. I dismiss the fourth claim for relief without prejudice to Plaintiffs' right

to identify the circumstances of their claim with the requisite particularity.

The Bank also maintains that Plaintiffs securities claims are barred by the relevant statute of limitations, namely one year after discovery of the facts constituting the violation and within three years after the violation. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, ——, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Plaintiffs make no allegations in this regard with respect to their federal securities claim. With respect to their state securities claim, Plaintiffs allege that their action "has been commenced within one year of their respective discoveries of the untrue statements or omissions, or after such discovery should have been made by the exercise of reasonable diligence." (Pls.' First Am.Compl., ¶ 47.) Plaintiffs must, however, set forth the time and circumstances of discovery of the untrue statements or omissions and, if more than the limitations, describe their diligent efforts to seek discovery. *See In re VMS Sec. Litig.*, 752 F.Supp. 1373, 1384–85 (N.D.Ill.1990); *see also Noland v. Gurley*, 566 F.Supp. 210, 216 (D.Colo.1983). I further grant the Bank's motion to dismiss on this ground, without prejudice to Plaintiffs' right to correct this deficiency by amendment.

### 3. *Fraudulent Misrepresentation and Negligence*

Plaintiffs' fifth claim for relief for "Fraudulent Misrepresentation and Negligence against the Bank" is unintelligible. (Pls.' First Am.Compl. at 12.) Plaintiffs refer to a duty owed by the Bank but no duty is specified to support a negligence cause of action. Nor do Plaintiffs allege any of the requisite elements of fraud, let alone with the particularity required by Rule 9(b). *See Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo.1987). Plaintiffs tread dangerously close to violating the principles of Fed.R.Civ.P. 11. I dismiss the fifth claim for relief without prejudice to Plaintiffs' right to state with particularity their claim for fraudulent misrepresentation, the relevant duty upon which their claim for negligence is based and facts constituting a breach thereof.

### 4. *Negligence against D & B*

Plaintiffs' sixth claim for relief is for negligence against D & B. Plaintiffs limit this claim "to those Plaintiffs who actually obtained false credit reports from D & B and who relied on them, such as Vern Leatherman." (Pls.' First Am.Compl., ¶ 54). D & B seeks to dismiss all negligence claims except for that of Vern Leatherman. D & B argues that Plaintiffs fail to identify anyone besides Vern Leatherman who has allegedly received and relied upon D & B credit reports regarding M & L and that it cannot be required to answer or defend itself against hypothetical plaintiffs and as yet to be determined allegations. Plaintiffs attempt to cure this deficiency in their response to D & B's motion, explaining that the D & B reports relied on by Plaintiffs other than Vern Leatherman were "provided free to M & L on two occasions and (no doubt) used by M & L enthusiastically among investors." (Pls.' Resp. Def. D & B's Mot. Dismiss, ¶ 16.) However, Plaintiffs, with the exception of Vern Leatherman, fail to identify who amongst them M & L exposed to D & B reports and fail to plead the existence of facts that would support a duty that D & B owed to such Plaintiffs to support a negligence claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," enough to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See also Houston v. Mile High Adventist Academy*, 846 F.Supp. 1449, 1453 (D.Colo.1994). Here Plaintiffs fail to meet this pleading standard. I therefore dismiss the sixth claim for relief based on negligence (with the exception of that against Vern Leatherman) without prejudice to Plaintiffs' right to identify the particular Plaintiffs concerned and the facts supporting the existence of a duty owed by D & B to each such Plaintiff, giving rise to each claim for negligence.

### 5. *Infliction of Emotional Distress*

Plaintiffs allege their seventh claim for relief against both the Bank and D & B.

They neglect to specify whether this claim is based upon a theory of intentional or negligent infliction of emotional distress. However, in their response to D & B's motion to dismiss, Plaintiffs state that they base this count on negligence. (Pls.' Resp.Def. D & B's Mot. Dismiss, ¶ 16.) I therefore disregard any attempt of Plaintiffs to plead a theory based on intentional infliction of emotional distress.

 Plaintiffs may recover for negligent infliction of emotional distress only if they were subjected to an unreasonable risk of bodily harm. *See Chellsen v. Pena*, 857 P.2d 472, 477 (Colo.App.1992). There is absolutely no indication in the complaint that Plaintiffs were subject to an unreasonable risk of bodily harm. Plaintiffs have ignored the requirements of Rule 8(a)(2). *See National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989). I conclude that this claim is clearly without merit and must be dismissed. *See id.* I therefore dismiss Plaintiffs' seventh claim for relief with prejudice.

### 6. *Exemplary Damages*

 Plaintiffs' eighth claim for relief for exemplary damages against the Bank and D & B fails as a matter of law. In Colorado exemplary damages are a creature of statute which may be awarded when damages have been assessed by a jury for a wrong and the injury complained of is attended by specified circumstances. Colo.Rev.Stat. § 13–21–102 (1987). A request for exemplary damages does not constitute a separate and distinct cause of action but is a request for relief, auxiliary to an underlying claim for actual damages. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 213 (Colo.1984); *Pulliam v. Dreiling*, 839 P.2d 521, 524 (Colo.App.1992). The eighth claim for exemplary damages is

dismissed with permission to replead this element of damages in connection with those claims in which they are appropriately recoverable, but not as a separate claim for relief. *See Houston*, 846 F.Supp. at 1459 (D.Colo. 1994).

## II. *Procedural Motions*

### A. *Motions for Designation or Withdrawal of Additional Plaintiffs*

D & B and the Bank move to strike the designation of certain additional Plaintiffs (the "new Plaintiffs") and D & B moves to strike the withdrawal of certain other Plaintiffs (the "withdrawing Plaintiffs") identified in the First Amended Complaint. Defendants argue that Plaintiffs may not unilaterally drop or add these parties, relying on Fed.R.Civ.P. 21. That rule provides, in pertinent part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Id.*[3] In response, the withdrawing Plaintiffs each filed a motion to dismiss and to amend caption on the grounds that he or she did not want to continue with the action against Defendants. The new Plaintiffs each filed a motion for leave to join additional parties requesting the court to authorize joinder as of June 30, 1993 *nunc pro tunc*.

D & B and the Bank argue that they will be prejudiced if the designations and withdrawals are allowed to stand because a central issue is whether all or a portion of the various Plaintiffs' claims are barred by the applicable statutes of limitations. D & B also maintains that it will be prejudiced if it is not allowed to conduct discovery of the withdrawing Plaintiffs before they are allowed to withdraw from the case. The Bank argues that the claims of the new Plaintiffs

---

**3.** Some courts have held that dropping or adding parties is always governed by Rule 21, rather than by Rule 15(a) which allows a party to amend a pleading once as a matter of course before a responsive pleading is served. *See Springer–Penguin, Inc. v. Jugoexport*, 648 F.Supp. 468, 469 (S.D.N.Y.1986). However, other courts have held that an attempt to change parties by amendment before the time to amend as of course has expired should be governed by the amendment as of right in Rule 15(a). *See McLel-*

*lan v. Mississippi Power & Light Co.*, 526 F.2d 870, 873 (5th Cir.1976), *modified on reh'g on other grounds*, 545 F.2d 919 (5th Cir.1977). Some learned authors recommend giving preference to Rule 15(a). *See* 6 Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1479 at 571–573 (1990). Courts have held that, even when parties have sought leave to add a party under Rule 21, the liberal amendment standards of Rule 15(a) apply. *See McLellan*, 526 F.2d at 873.

do not relate back to the original complaint and inject new statute of limitations issues on the multiple claims asserted by Plaintiffs. The Bank also maintains that the addition of seventeen new Plaintiffs makes compliance with the discovery cutoff date of June 1, 1994 impossible.

Permission to amend a pleading "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). "The decision whether to grant a motion to amend the pleadings to add an additional party is generally left to the sound discretion of the district court." *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir.1990).

Each new Plaintiff contends that he or she was an investor in M & L and has "claims arising out of the same transactions, occurrence or series of transactions or occurrences." (Pls.' Mots. Leave Join Additional Parties, ¶ 3.) They further allege that there will be "common questions of fact and law ... relating to claims against the Defendants," (*id.*), among the existing Plaintiffs and the new Plaintiffs. The new Plaintiffs request me to authorize joinder as of June 30, 1993 *nunc pro tunc*. Federal Rule of Civil Procedure 15(c) provides in pertinent part that the amendment of a pleading relates back to the date of the original pleading when:

> The amendment changes the party or the naming of the party against whom a claim is asserted if ... the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).

■ Although the language of Rule 15(c) does not expressly govern the relation back of amendments adding plaintiffs, the advisory committee notes to the 1966 amendment to the Rule state that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15(c) advisory committee's note. Therefore, the amendment of the complaint to add new

plaintiffs relates back provided there was notice to the defendants of the existence of the additional claim and a mistake in the original pleading as to the proper party. *See In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.*, 815 F.Supp. 620, 642 (S.D.N.Y.1993); *see also* 6A Charles A. Wright *et al. Federal Practice and Procedure* § 1501 at 154 (1990).

■ The new Plaintiffs have demonstrated commonality between their claims and those of the existing Plaintiffs justifying joinder. They have not, however, established that Defendants had notice of their additional claims or that there was any mistake in the original complaint to merit the relation back of the claims of the new Plaintiffs to the filing of the original complaint on June 30, 1993. Accordingly, the new Plaintiffs' motions for leave to join additional parties are granted but their claims shall not relate back to the original complaint. The new Plaintiffs are joined as of February 7, 1994, the date on which each filed a motion for leave to join additional parties, subject to any statute of limitations which would bar the filing of their complaints at this time. To avoid prejudice to Defendants arising out of the addition of the new Plaintiffs, I extend the discovery cut-off date from June 1, 1994 to August 1, 1994.

I also determine that Defendants will be not be precluded from conducting any discovery with respect to the withdrawing Plaintiffs and grant the motions to dismiss of those Plaintiffs. To avoid potential prejudice to Defendants, I order dismissal with prejudice.

**B.** *Motions to Dismiss Claims against D & B*

I grant the motions of those Plaintiffs seeking dismissal of their claims against only D & B. To avoid potential prejudice to D & B, I grant the dismissals with prejudice.

Accordingly,

IT IS ORDERED THAT the Bank of Boulder's Motion to Dismiss is GRANTED without prejudice as to the first, second, third, fourth, fifth and eighth claims for relief

and with prejudice as to the seventh claim for relief; and

IT IS FURTHER ORDERED THAT Dun & Bradstreet's Motion to Dismiss with Prejudice claims by all Plaintiffs with the Exception of Vern Leatherman's Negligence Claim is GRANTED without prejudice as to the sixth and eighth claims for relief and with prejudice as to the seventh claim for relief; and

IT IS FURTHER ORDERED THAT Dun & Bradstreet's Motion to Strike Designation of Certain Additional Plaintiffs and Withdrawal of Certain other Plaintiffs is DENIED; and

IT IS FURTHER ORDERED THAT Bank of Boulder's Motion to Strike Additional Plaintiffs is DENIED; and

IT IS FURTHER ORDERED THAT the Motions for Leave to Join Additional Parties of Irma Beezley, Simone Berk, William C. Daney, Jr., Peggy Florio, James Cambridge, Deborah Gaudio, John Hamaj, Verona McLean, Father I. Mouser, Bonnie Tatum, Jennifer Uhl, Robert Weiner, Andrew Wildenberg, Estate of James Wilson, Ann Wolta and Earl Yamauchi are GRANTED in part, but DENIED insofar as leave to join is sought *nunc pro tunc* to June 30, 1993;

IT IS FURTHER ORDERED THAT the Motion to Dismiss and to Amend Caption of Plaintiffs Acoustech, Gabe Cohen, Suzanne Dupuy, L. Dutzmann, Lynda Dutzmann, Roland Dutzmann, Rolf Dutzmann, Mark Euler, Jill Fishman, Steven Fishman, Susan Fishman, Donna Garvin, Bernie Glintz, Heather Hamilton, Homer McDanal, Donald Pierce, Jo'an Pierce, Dr. Ozzie Siegel, Geni Simpson, Mark Simpson, Karen Stegman, Thomas Stegman, James Wallace, Sarah White and Janey Zacharias are GRANTED in part, but DENIED insofar as leave to dismiss without prejudice is sought; and

IT IS FURTHER ORDERED THAT the Motions to Dismiss Claims against Defendant Dun & Bradstreet, Inc. of Plaintiffs Jane Ashley, Rick Back, James Cambridge, Connie Carlstrom, Linda Eis, Eugene Marlowe, Janet McDanal, Brad Paulsen, Edie Paulsen, Leon Pommer, Stephen Replin, Henry Ripley III, Nancy Rudzek, Stephen Sparn, Elizabeth Trujillo, Robert Urias and Robert Wolta are GRANTED in part, but DENIED insofar as leave to dismiss without prejudice is sought; and

IT IS FURTHER ORDERED THAT the discovery cut-off date is extended to August 1, 1994. If Defendants show cause for extending discovery beyond this date, they may so move.

IT IS FURTHER ORDERED THAT Plaintiffs must plead in complete accordance with the views and rulings set forth above on or before April 25, 1994. No further requests for extension of time will be considered.