Patricia A. CARMODY, Plaintiff,

v.

SCI COLORADO FUNERAL SERVICES, INC., d/b/a Beck's Flowers, Inc., a Colorado corporation, Defendant.

No. CIV. A. 99–K–1419.

United States District Court, D. Colorado.

Nov. 23, 1999.

Thomas C. Reeve, Kathleen E. Craigmile, Denver, CO, for Plaintiff.

Gregory B. Kanan, Susan S. Sperber, Rothgerber Johnson & Lyons LLP, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

### I. *Introduction.*

Defendant, SCI Colorado Funeral Services, Inc., d/b/a Beck's Flowers, Inc. (SCI) filed this Partial Motion to Dismiss in response to a Title VII action by Plaintiff, Patricia A. Carmody. Carmody asserts four causes of action: (1) Quid Pro Quo Sexual Harassment under 42 U.S.C. § 2000 *et seq.;* (2) Hostile Work Environment under 42 U.S.C. § 2000 *et seq.;* (3) Retaliation under 42 U.S.C. § 2000 *et seq.;* and (4) Punitive Damages. On September 27, 1999, Defendant SCI filed an answer to the second and third claims for relief simultaneously with Defendant's Motion to Dismiss the First and Fourth Claims for Relief.

### II. *Allegations in Complaint.*

The complaint sets forth a number of allegations against SCI. Carmody alleges, when she first applied for employment with SCI, she applied for a manager position. SCI hired Carmody as an assistant manager and floral designer. (Complaint at ¶ 5.) Shortly thereafter, SCI hired Bill Tinkle as manager of the flower shop in which Carmody worked. (*Id.* at ¶ 6.) In addition to design duties, Carmody was asked to perform managerial duties. (*Id.* at ¶ 7.) Carmody asked, but was denied, compensation for the additional duties. (*Id.*) Several weeks after Tinkle was hired, he indicated by words and conduct, that he desired a sexual relationship with her. (*Id.* at ¶ 8.) Carmody rejected these advances. (*Id.* at ¶ 9.) Due to the rejection

of his advances, Tinkle began denying Carmody employment benefits, including time off, work assignments and work hours. (*Id.* at ¶ 10.) At the same time, Tinkle approached another employee, Debra Gilpin, for sexual favors. (*Id.* at ¶ 11.) Gilpin agreed to Tinkle's proposition and later bragged that, in exchange for sex, she was promised employee benefits. (*Id.* at ¶ 12.) Carmody complained to Tinkle stating she felt it was improper for him to condition her benefits on the acquiescence to his sexual demands. (*Id.* at ¶ 13.)

At this point, Tinkle intensified the mistreatment of Carmody. (*Id.* at ¶ 14.) Following the end of Gilpin's tenure at SCI, Tinkle approached another employee, Zita Mauer, for a sexual relationship. Mauer accepted Tinkle's advances. (*Id.* at ¶ 15.) Tinkle encouraged an atmosphere that included sexually provocative behavior and tension. (*Id.* at ¶ 16.) Carmody again related her discomfort with the working conditions both to Tinkle and SCI management. (*Id.* at ¶ 17.) In response, Tinkle allowed Mauer to harass Carmody in a number of a ways. (*Id.* at ¶ 20.) Carmody, for a third time, complained to Tinkle and SCI management. (*Id.* at ¶ 21.) When no remedial action was taken by SCI, Carmody file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* at ¶ 23.) After Carmody's filing with the EEOC, Tinkle ultimately discharged her by yelling: "Get out! Get out and don't come back!" Consequently, on December 3, 1997 Carmody filed a second charge of discrimination based on retaliation with the EEOC. (*Id.* at ¶ 26.) SCI responded by blaming Carmody and denied Carmody's charges. (*Id.* at ¶ 27.) Finally, on April 23, 1999, the EEOC mailed to Carmody right to sue letters on both of her EEOC charges. (*Id.* at ¶ 29.)

### III. *Applicable Standard for Motion to Dismiss.*

Federal Rule of Civil Procedure 12(b) reads in pertinent part: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter ... (6) failure to state a claim upon which relief can be granted."

Carmody argues, in determining whether a plaintiff has stated a claim, the district court may not look to a document (in this case the EEOC charges) outside the complaint itself to refute facts specifically pled by a plaintiff, or to resolve factual disputes. *See Reed v. Dunham,* 893 F.2d 285, 287 n. 2 (10th Cir.1990). Conversely, SCI argues the rule is as follows:

> [I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiffs claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.

*GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384–85 (10th Cir.1997) (citations omitted).

Both parties have mistakenly framed the issue. That part of the motion to dismiss relating to failure to exhaust administrative remedies is one which challenges the jurisdiction of this court and should, correctly, have been framed as a motion under Rule 12(b)(1) for dismissal due to lack of jurisdiction over subject matter. *See Nichols v. United States,* 796 F.2d 361, 366 (10th Cir.1986) (holding motions to dismiss for lack of subject matter jurisdiction are brought under Rule 12(b)(1)). "Even if parties fail to raise the issue of subject matter jurisdiction, the court has the duty to raise and resolve the matter." *Seymore v. Shawver & Sons, Inc.,* 111 F.3d 794, 800 n. 6 (10th Cir.1997). When matters of jurisdiction that are unrelated to the merits are raised, consider-

ation of matters outside pleadings does not transform the motion into one for summary judgment. *Palumbo v. Roberti,* 834 F.Supp. 46, 50 (D.Mass.1993).

## IV. *Merits.*

### A. *First Claim for Relief for Quid Pro Quo Sexual Harassment.*

■ SCI seeks to dismiss two causes of action. The first is Carmody's First Claim For Relief based on quid pro quo sexual harassment. Carmody asserts this cause is based on Tinkle's proposition of Carmody for sex. SCI argues that to bring a suit under Title VII, the plaintiff must exhaust her administrative remedies through the filing of an administrative charge. *See Aramburu v. The Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir.1997). SCI maintains Carmody failed to do so with respect to this claim.

■ A plaintiff is required to file a timely charge of discrimination with the EEOC before filing a civil action under Title VII. 42 U.S.C. § 2000e–5(e), (f)(1). Federal courts lack jurisdiction to entertain Title VII claims unless such claims were filed with the EEOC. *Seymore,* 111 F.3d at 799. The rule is consistent with the purposes of the requirement of filing a charge with the EEOC—to provide notice of the alleged violation to the charged party, and to provide the EEOC with the opportunity to conciliate the claim. *Id.*

■ When a plaintiff seeks judicial relief for incidents not listed in her original charge to the EEOC, the judicial complaint may nevertheless "include allegations of discrimination reasonably related to the allegations listed in the administrative charge." *Aramburu,* 112 F.3d at 1409. This test is satisfied "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of

an EEOC investigation of the allegations in the charge." *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). The issue here is whether the allegations in the complaint are reasonably related to the allegations listed in the administrative charges filed by Carmody with EEOC.

The complaint asserts two separate claims of sex discrimination—quid pro quo sexual harassment and hostile work environment sexual harassment. The Supreme Court has held these two forms of sexual harassment are distinct from each other. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). SCI asserts Carmody's EEOC charge of discrimination did not include any facts upon which Carmody now seeks to rely to support her claim for quid pro quo sexual harassment.

The original EEOC charge makes ten allegations in addition to a general charge of harm. Paragraph E of the charge states: "The male manager showed favorable treatment to the employees with whom he had sexual relationships." As most EEOC complaints (including the subject charge) are completed by laypersons, rather than lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of the complaint. *Cheek,* 31 F.3d at 500.

■ Carmody argues the initial charge, including paragraph E, provided the EEOC and SCI with sufficient information that any reasonable external or internal investigation would have included an inquiry about possible quid pro quo harassment.[1] I agree. The First Claim for Relief for quid pro quo sexual harassment survives this motion to dismiss because the EEOC was provided the opportunity and indeed invitation to investigate possible quid pro quo harassment of Carmody.

---

1. Carmody also maintains, through correspondence to the EEOC following her charge, she explicitly put the EEOC on notice of her *quid pro quo* sexual harassment claim. Carmody does not attach such correspondence

but states it will be submitted if the court converts this motion into one for summary judgment. " '[A]llegations outside the body of the charge may be considered when it is clear

B. *Fourth Claim for Relief for Punitive Damages.*

■ SCI also seeks to dismiss Carmody's Fourth Claim for Relief based on Punitive Damages. "A claim for punitive damages is not a separate and distinct cause of action; rather, it is auxiliary to an underlying claim." *Houston v. Mile High Adventist Academy,* 846 F.Supp. 1449 (D.Colo.1994). For this reason, the Fourth Claim for Relief must fail. Carmody has included a request for punitive damages in her prayer for relief and therefore is not precluded from seeking such damages.

### V. *Conclusion.*

For the aforesaid reasons, I DENY the motion to dismiss insofar as it seeks dismissal of the First Claim for Relief and GRANT the motion to dismiss the Fourth Claim for Relief.

that the charging party intended the agency to investigate the allegations.' " *Welsh v. City of* *Shawnee,* 1999 WL 345597 at * 5 (10th Cir. June 1, 1999) (quoting *Cheek,* 31 F.3d at 502).