Jorge FERNANDEZ, et al., Plaintiff,

v.

BRIDGESTONE/FIRESTONE,
INC., et al., Defendants.

No. CIV.A.99–WM–2218.

United States District Court,
D. Colorado.

July 17, 2000.

Roger T. Castle, Denver, CO, for Plaintiffs.

James M. Dieterich, Denver, CO, Christopher S. Shank, Kansas City, MO, David R. Eason, Denver, CO, John C. Niemeyer, Oklahoma City, OK, Frances E. Prell, Chicago, IL, for Defendants.

## ORDER RE: MOTION TO AMEND COMPLAINT

BOLAND, United States Magistrate Judge.

This matter is before me on the plaintiff's **Motion to Amend Complaint** (the "Motion to Amend"), filed June 15, 2000. The defendants have filed an opposition. The Motion to Amend is GRANTED IN PART and DENIED IN PART.

The Scheduling Order, as amended, established June 15, 2000, as the deadline by which the parties were required to file any motions for joinder of parties or amendment of pleadings. The Motion to Amend was filed prior to the expiration of that deadline. Consequently, the plaintiffs' Motion to Amend is governed solely by Fed.R.Civ.P. 15(a), and the plaintiffs are not required also to establish good cause sufficient to modify the Scheduling Order. *Compare Colorado Visionary Academy v. Medtronic, Inc.,* 2000 WL 943859 * 2(D.Colo., July 7, 2000)(holding that once the deadline to amend established in the scheduling order has passed, a party seeking leave to amend first must establish good cause to modify the scheduling order and then must pass the requirements for amendment under Rule 15(a)).

Rule 15 (a), Fed.R.Civ.P., requires that "leave to amend shall be freely given when justice so requires." Here, plaintiffs seek to amend their complaint "to add a claim for exemplary damages...." Motion to Amend, at p. 1. In support of that motion, the plaintiffs note that this is a products liability action arising out of injuries sustained in the explosion of a multi-piece truck wheel; discovery does not close for more than three months; the requested amendment does not add any new factual issues to the case; and the defendants "have for decades been aware of the severity of the potential consequences to human life and limb from these multi-piece rim explosions." *Id.,* at p. 2.

The defendants oppose the motion for leave to amend, arguing:

It is well established, however, that a request for punitive damages does not constitute a separate, actionable claim; rather, "[a]n award of punitive damages can be entered only after awarding damages in conjunction with an underlying and successful claim for actionable damages." *Pulliam v. Dreiling,* 839 P.2d 521, 524 (Colo.App.1992). Consequently, a request for punitive damages cannot be asserted as a separate or independent claim for relief. *Brooks v. Bank of Boulder,* 891 F.Supp. 1469, 1480 (D.Colo. 1995).

The defendants acknowledge later in their opposition, however, that "[p]laintiffs may be permitted to add a request for punitive damages to their prayer for relief under the liberal standard of Rule 15(a)."

Judge John L. Kane, Jr., of this district has addressed this issue in a number of opinions. For example, in *Ambraziunas v. Bank of Boulder,* 846 F.Supp. 1459,1466 (D.Colo.1994), Judge Kane dismissed a claim for relief asserting exemplary damages, explaining:

Plaintiffs' eighth claim for relief for exemplary damages against the Bank and D & B fails as a matter of law.... A request for exemplary damages does not constitute a separate and distinct cause of action but is a request for relief, auxiliary to an underlying claim for actual damages. The eighth claim for exemplary damages is dismissed with permission to replead this element of damages in connection with those claims in which they are appropriately recoverable, but not as a separate claim for relief.

(Internal citations omitted.) *See also Carmody v. SCI Colorado Funeral Services, Inc.,* 76 F.Supp.2d 1101, 1105 (D.Colo.1999)(dismissing a claim for relief for punitive damages, but holding that "Carmody has included a request for punitive damages in her prayer for relief and therefore is not precluded from seeking such damages").

It would be futile to allow the plaintiffs to amend to assert a claim for punitive damages, because any such claim would be subject to dismissal as a matter of law. *Carmody,* 76 F.Supp.2d at 1105. *See Bauchman v. West High School,* 132 F.3d 542, 559 (10th Cir.1997), *cert. denied,* 524 U.S. 953, 118 S.Ct. 2370, 141 L.Ed.2d 738 (1998)(affirming the district court's denial of a motion to amend the complaint because the amended claim would be subject to dismissal and the proposed amendment was therefore futile). Consequently, the Motion to Amend is denied insofar as it seeks leave to add such an independent claim. The Motion to Amend is granted to allow plaintiffs to add factual allegations of willful and wanton misconduct and to add to the prayer for relief a request for the award of exemplary damages. Accordingly,

IT IS ORDERED that the plaintiffs are granted leave to amend their complaint to add factual allegations of willful and wanton misconduct and a request for exemplary damages in the prayer for relief. The request to amend the complaint to add an independent claim for exemplary damages is denied, however.

IT IS FURTHER ORDERED that the amended complaint shall be filed on or before July 24, 2000. Defendants shall have 10 days after service of the amended complaint to plead in response.